UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    Case No. 8:16-cr-500-VMC-AEP

JOHNNY L. DAWSON
_____/

**ORDER**

This matter comes before the Court upon consideration of pro se Defendant Johnny L. Dawson's Motion for Compassionate Release (Doc. # 66), filed on March 1, 2021. The United States responded on March 19, 2021. (Doc. # 69). For the reasons set forth below, the Motion is denied.

**I.   Background**

On September 18, 2017, the Court sentenced Dawson to 180 months' imprisonment for being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). (Doc. # 57). Dawson is forty-two years old and his projected release date from FCI Coleman Medium is May 19, 2029. (Doc. # 69 at 1).

In his Motion, Dawson requests compassionate release under Section 3582(c)(1)(A)(i), as amended by the First Step Act, because of the COVID-19 pandemic and his underlying

1

health conditions, which include "Type 2 Diabetes, Chronic Hypertension, and High Cholesterol." (Doc. # 66 at 3). The United States has responded (Doc. # 69), and the Motion is now ripe for review.

## II. Discussion

The United States argues that Dawson's Motion should be denied on the merits. (Doc. # 69 at 4-5, 8). The Court concludes that, even if Dawson has exhausted his administrative remedies, his circumstances are not extraordinary compelling so as to justify release.

A term of imprisonment may be modified only in limited circumstances. 18 U.S.C. § 3582(c). Dawson argues that his sentence may be reduced under Section 3582(c)(1)(A)(i), which states:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that [ ] extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). "The First Step Act of 2018 expands the criteria for compassionate release and gives defendants the opportunity to appeal the Bureau of Prisons' denial of compassionate release." United States v. Estrada Elias, No. 6:06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019) (citation omitted).

The Sentencing Commission has set forth examples of qualifying "extraordinary and compelling reasons" for compassionate release, including but not limited to: (1) terminal illness; (2) a serious medical condition that substantially diminishes the ability of the defendant to provide self-care in prison; or (3) the death of the caregiver of the defendant's minor children. USSG § 1B1.13, comment. (n.1). Dawson bears the burden of establishing that compassionate release is warranted. See United States v. Heromin, No. 8:11-cr-550-VMC-SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) ("Heromin bears the burden of establishing that compassionate release is warranted.").

Although Dawson alleges that his underlying health conditions (type 2 diabetes, chronic hypertension, and high cholesterol) make him especially vulnerable to COVID-19 (Doc. # 66 at 2-3), he has not sufficiently demonstrated that he

has a serious medical condition that substantially diminishes his ability to care for himself in his facility or that otherwise justifies release. See USSG § 1B1.13, comment. (n.1); see also United States v. Frost, No. 3:18-cr-30132-RAL, 2020 WL 3869294, at *4-5 (D.S.D. July 9, 2020) (denying motion for compassionate release for a COVID-19-positive prisoner who had other medical conditions, including diabetes, severe coronary artery disease, and COPD, because his COVID-19 symptoms were not severe and there was no indication he could not provide self-care while in prison); United States v. Rodriguez Orejuela, 457 F. Supp. 3d 1275, 1282 (S.D. Fla. 2020) (denying a motion for compassionate release for an eighty-one year old inmate with a number of health conditions, including chronic hypertension).

Additionally, the Court agrees with the Third Circuit that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering [the Bureau of Prisons'] statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). Thus, Dawson has not shown an extraordinary

and compelling reason that justifies compassionate release and his Motion is denied.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Johnny L. Dawson's pro se Motion for Compassionate Release (Doc. # 66) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 24th day of March, 2021.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE